STATE ex rel. CORPORATION COMMISSION v. J. K. MORRISON & SONS COMPANY.

(Filed 26 April, 1911.)

1. Corporation Commission — Taxation — Assessment—Local Property—Deductions.

Fixing at par the value of a corporation's shares of stock by the Corporation Commission under sec. 34, ch. 440, Laws of 1909, in ascertaining the excess for taxation by deducting the value of

local real and personal property from the paid-in amount of the capital stock, will not be declared excessive by the courts, it appearing that while there was no accumulated surplus, or that any of the stock had been sold, large dividends were being annually declared.

### 2. Same—Surplus—Stock in Other Corporations.

By the language of ch. 440, sec. 34, Laws of 1909, only the value of the real and personal property locally assessed is to be deducted by the Corporation Commission from the total value of the shares of the capital stock to be ascertained in the manner therein prescribed; and no further deduction may be allowed for investments by a corporation in stock in other corporations, ch. 438, sec. 4, Laws of 1909, having no application, when it appears that the complainant had no surplus. *Pullen v. Corporation Commission,* 152 N. C., 548, cited and distinguished.

APPEAL from *Lyon, J.,* at the February Term, 1911, of IREDELL.

Appeal from the ruling and findings of the Corporation Commission in assessing for taxation under the Revenue and Machinery Acts of 1909 the capital stock of the appellant, a corporation organized under the laws of North Carolina and having its principal office in Statesville, in Iredell County, North Carolina.

The Corporation Commission heard and overruled the exceptions of the respondent, and upon appeal being taken, the cause was docketed for trial in the Superior Court of Iredell County, where it was heard upon the findings of fact and record as made up by the commission. His Honor affirmed the said findings, and the defendant appealed.

*Attorney-General T. W. Bickett and Assistant Attorney-General G. L. Jones for plaintiff.*

*Dorman Thompson and H. P. Grier for defendant.*

BROWN, J. It appears from the report of the defendant made to the Corporation Commission in accordance with section 34, Machinery Act, 1909, that its capital stock fully paid in amounts to $50,000; that the assessed value of its real and personal property in which a part of its capital stock is invested, and listed by the defendant with the local assessors in Iredell County for taxation in accordance with law, amounts to $34,600. It further

appears from its said report that the defendant has paid out $12,000 annually as dividends, and has no surplus or undivided profits.

The Corporation Commission assessed the capital stock at $50,000, and deducted therefrom $34,600, the assessed value of real and personal property according to the statute, and found a corporate excess of $15,400, upon which the defendant is required to pay taxes in addition to the property already listed for taxation.

1. The defendant excepts because it contends that such appraisement of the value of its capital stock is excessive.

Upon the findings of the commission upon which this appeal is heard, as well as upon the defendant's report to the commission this contention cannot be sustained. Its capital was paid in to the extent of $50,000 in cash, and there is no claim made that any part of it has been lost. On the contrary, it appears to be a very prosperous concern, as it has been able to return to its stockholders dividends at the rate of twenty-four per cent per annum.

To value such a profitable stock at par surely cannot be considered an excessive valuation. It had no market value reported doubtless because none of it has been for sale. The statute prescribes that corporations of this character shall pay a tax on the *actual* value of its whole capital stock after deducting therefrom the "assessed value of real and personal property listed with local assessors."

In ascertaining the actual value of its capital stock the statute authorizes the commission to consider: First, the number of shares issued; second, the par value of each share; third, amount actually paid into the treasury on each share; fourth, total amount actually paid in; fifth, the dividend paid or carried into the surplus or undivided profits; sixth, the highest price paid for stock during the year. These are the facts which, in the estimation of the business world, and by the terms of the Machinery Act, should determine the actual value of the capital stock of a corporation.

We see no reason, even if we had the power, to revise this finding. There is most abundant evidence to support it.

2. The principal contention of defendant is that the commission, after valuing its capital stock, refused to deduct therefrom the sum of· $10,350, representing stock in other corporations, owned by the defendant.

In overruling this exception the commission says: In assessing this corporation the Corporation Commission did not understand that they were authorized to deduct anything from the capital stock except "the assessed value of real and personal estate upon which the corporation pays taxes." That is the language of section 34 of the Machinery Act. But the defendant bases its contention on section 4 of the Revenue Act, which enacts that "Individual stockholders in any corporation   .   .   . paying a tax on its capital stock shall not be required to pay any tax on said stock or list the same, nor shall corporations legally holding capital stock in other corporations upon which the tax has been paid by the corporation issuing the same be required to pay any tax on said stock or list the same."

It appears to be the policy of the General Assembly to require that all corporations (with a partial exception as to banks) shall pay all taxes on their capital stock out of the treasury of the corporation, instead of the individual stockholders paying them.

This has been the law for many years, and the same right is extended to a corporation owning stock in another corporation.

As the individual stockholder is not required to list and pay taxes on such stock, neither is the corporate stockholder. But we fail to see in the statutes anything which authorizes the deduction of such investments from the capital stock of the corporation owning them in assessing its value, as is the case with the "assessed value of real and personal estate."

If such had been the intention of the Legislature it would doubtless have been more explicit and would not have left its purpose in doubt and to be arrived at by a process of reasoning.

The learned counsel for the defendant contends that his position is supported by the opinion of this Court in *Pullen v. Corporation Commission,* 152 N. C., 548.

In that case we were not dealing with the original capital stock of a corporation, but with its surplus, something which this defendant seems to regard as undesirable. The decision

was based upon the language of the statute under which the bonds of the State were issued, which is as follows: "The said bonds and coupons shall be exempt from all State, county or municipal taxation or assessment, direct or indirect, general or special, whether imposed for purposes of general revenue or otherwise, and the interest paid thereon shall not be subject to taxation as for income, nor shall said bonds or coupons be subject to taxation when constituting a part of the surplus of any bank, trust company or other corporation."

North Carolina bonds have never been the subject of taxation, and no individual owning them is required to pay taxes on them. Nevertheless, under the terms of that decision, as broad as the language of the statute is, they are not to be deducted from the original capital stock of a corporation in assessing its value, but only from its *surplus,* and if the corporation has no surplus it cannot claim such deduction.

The opinion of the majority is based upon the words of the statute, which it must be admitted are quite different from those employed in the statute now under consideration, and which the majority held authorized and required the deduction claimed.

We do not think the language of sec. 4 of the Revenue Act of 1909 herein quoted authorizes the commission to deduct from defendant's capital the value of its shares in other corporations, in assessing the value of defendant's capital stock for taxation.

The judgment of the Superior Court is
Affirmed.